DÍAZ ET AL., PLAINTIFFS AND APPELLANTS, *v.* BARCELÓ, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Humacao in an Action of Debt.

MOTION to Open Default.

No. 2045.—Decided February 28, 1920.

DEFAULT—OPENING DEFAULT—DISCRETION OF COURT.—A district court has discretion to set aside a default judgment entered by its clerk and, unless a clear

---

* See opinion at end of volume.

abuse of discretion is shown, the Supreme Court will not reverse the action of the said court in such a case.

The facts are stated in the opinion.

*Mr. L. Llorens* for the appellants.

*Messrs. A. R. Barceló* and *M. Benítez Flores* for the appellee.

Mr. Justice del Toro delivered the opinion of the court.

José Agustín Díaz brought an action of debt in the District Court of San Juan, P. R., against Antonio R. Barceló. The defendant demurred to the complaint and moved the court to transfer the case to the district court of his domicile, Humacao, P. R. The change of venue was ordered and the defendant filed his answer, moving that a day be set for the trial. At this stage the plaintiff asked leave to file an amended complaint. The court granted the leave and on January 28, 1919, allowed the defendant ten days within which to amend his answer. On February 8, 1919, the plaintiff asked the clerk of the District Court of Humacao to note the default of the defendant and enter judgment against him. The clerk did so and on the same day a judgment was entered whereby the defendant was adjudged to pay to the plaintiff the sum of $15,000. On the same day, February 8, the clerk of the District Court of Humacao, P. R., received by mail a demurrer by the defendant to the amended complaint, which, according to the envelope, had been deposited in the post-office at San Juan, P. R., on February 7, and the pleading showed that it had been served on the plaintiff's attorney on February 6.

The defendant having notice of the judgment entered against him, moved the court to open the default and set aside the judgment entered by the clerk. After hearing both parties and considering the evidence introduced by them and in the exercise of the powers conferred upon it by section 140 of the Code of Criminal Procedure, the court granted the motion. From that order the defendant appealed to this court.

Both parties filed elaborate briefs and their attorneys argued the case at the hearing on the motion, raising many questions and citing abundant jurisprudence.

We do not deem it necessary to consider in detail all the questions raised. This is a case where the court clearly had discretion to act as it did, and there being no showing, in our opinion, that it abused such power, the decision cannot be reversed.

The appeal must be dismissed and the order appealed from

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.